**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| RICARDO CARRERA,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>KATHLEEN M. PETERSON, fna KATHLEEN M PINNEY,<br><br>Defendant and Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S [15] MOTION TO DISQUALIFY COUNSEL**<br><br>Case No. 2:25-cv-00607-CMR<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Ricardo Carrera's (Plaintiff) Motion to Disqualify Counsel (Motion) (ECF 15) regarding Defendant Kathleen M. Petersen's (Defendant) attorney Blake W. Johnson (Mr. Johnson). Defendant filed a Response (ECF 19), and Plaintiff thereafter filed a Reply (ECF 20). The court held a hearing on the Motion and took the matter under advisement (ECF 27).[1] Having carefully considered the relevant filings and the parties' arguments, the court DENIES the Motion.

## I. DISCUSSION

Disqualification "is a drastic measure and a court should hesitate to impose it except when necessary." *Flying J Inc. v. TA Operating Corp.*, No. 1:06-CV-30TC, 2008 WL 648545, at *6 (D. Utah Mar. 10, 2008) (quoting *Proctor & Gamble Co. v. Haugen*, 183 F.R.D. 571. 574 (D. Utah

[1] At the hearing, the court also heard argument on Defendant's cross-motion to disqualify counsel (ECF 17) regarding Plaintiff's attorney Mr. David Head (Mr. Head), which the court also took under advisement. The court will address this motion in conjunction with Mr. Head's recent motion to withdraw as counsel (ECF 29).

1998)). "The moving party bears the burden of establishing that disqualification is necessary." *You Li v. Lewis*, No. 1:20-CV-00012-TS-JCB, 2020 WL 3217268, at *1 (D. Utah June 15, 2020). "Additionally, the moving party must diligently pursue the remedy of disqualification once that party learns of the alleged basis for disqualification." *Id.*

Motions to disqualify are governed by the local rules of the court in which the attorneys appear and by applying standards developed under federal law. *Brigham Young Univ. v. Pfizer, Inc.*, No. 2:06-CV-890 TS BCW, 2010 WL 11414472, at *3 (D. Utah Aug. 24, 2010). Under the local civil rules of practice for the District of Utah, attorneys appearing in this court are bound by the Utah Rules of Professional Conduct. *See* DUCivR 83-1.5.1(a). Rule 3.7(a) of the Utah Rules of Professional Conduct provides as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (a)(1) the testimony relates to an uncontested issue;
> (a)(2) the testimony relates to the nature and value of legal services rendered in the case; or
> (a)(3) disqualification of the lawyer would work substantial hardship on the client.

"A lawyer is likely to be a necessary witness where the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere." *Broadbent v. Williams*, No. 4:24-CV-00091-DN PK, 2025 WL 1807940, at *1 (D. Utah July 1, 2025) (quoting *World Youth Day, Inc. v. Famous Artists Merch. Exch. Inc.*, 866 F. Supp. 1297, 1302 (D. Colo. 1994)). This court has held that the stage of the proceedings at which disqualification is sought is an important consideration. *Gordon v. Jordan Sch. Dist.*, No. 2:17-CV-00677, 2020 WL 4747763, at *2 (D. Utah Aug. 17, 2020) (citing *DP Creations LLC v. Ortiz*, No. 2:19-CV-948 HCN DBP, 2020 WL 1249480, at *3 (D. Utah Mar. 16, 2020)). "[A]lthough Rule 3.7(a) generally bars a necessary

witness from acting as an advocate at trial, it does not automatically disqualify such a witness from acting as counsel during pre-trial proceedings." *Id*.

Allowing pre-trial participation from counsel is at times appropriate because courts have found that the primary purpose of Rule 3.7(a) is to avoid "jury confusion at trial." *Id*. at *3 (quoting *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 239 F. Supp. 2d 1170, 1174 (D. Colo. 2003)); *see also* Utah State Bar Ethics Advisory Opinion Committee, 2004 WL 870584, at *2 ("Disqualification is generally limited to the lawyer acting as trial counsel. Assuming no other rule disqualifies the lawyer, the lawyer may represent the client in the pretrial stage of the case in which the lawyer might be called as a necessary trial witness and retain another firm to act as trial counsel."). "Disqualification of counsel from pre-trial activities may nevertheless be appropriate when those activities 'includ[e] obtaining evidence which, if admitted at trial, would reveal the attorney's dual role.'" *Gordon*, 2020 WL 4747763, at *3 (quoting *Merrill Lynch*, 239 F. Supp. 2d at 1174).

Motions to disqualify should be viewed with extreme caution and measured by the facts of each particular case. *Brigham Young Univ.*, 2010 WL 11414472, at *7. "Factors to consider include: (1) the egregiousness of the violation, (2) the presence or absence of prejudice to the other side, (3) whether and to what extent there has been a diminution of effectiveness of counsel, (4) hardship to the other side, and (5) the stage of trial proceedings." *Id.* "The essential issue to be determined in the context of litigation is whether the alleged misconduct taints the lawsuit." *Id.* (quoting *Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994)).

Here, Defendant obtained a $300,000 jury verdict in state court against Plaintiff related to an auto accident. Defendant claims that Plaintiff's insurer refused to pay, and collection efforts began. A settlement was reached, and Defendant's current counsel, Mr. Johnson, represented

Defendant. Plaintiff claims that agreement was breached in that Defendant failed to get Plaintiff's written permission before settling with the insurer. Plaintiff argues that Mr. Johnson is a key witness regarding the parties' intentions and negotiations.

While disqualification from pre-trial representation may be appropriate in some instances, Plaintiff has not established that Mr. Johnson's pre-trial activities would result in jury confusion. Although it is undisputed that Mr. Johnson has information regarding the parties' intentions and negotiations relative to their settlement agreement, it is not clear whether these issues will be presented to a jury in this case. Discovery remains ongoing in this case, and these issues may be resolved by the court through summary judgment motions, not by a jury. Thus, disqualifying Mr. Johnson from participating in pre-trial activities is unwarranted at this time.

Accordingly, even assuming Mr. Johnson possesses relevant information regarding the circumstances surrounding the parties' settlement, it is too speculative to conclude that his involvement in pre-trial matters will result in jury confusion at trial.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the court hereby ORDERS that the Motion is DENIED.

DATED this 31 August 2026.

Cecilia M. Romero

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah